

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-94,984-01

### EX PARTE CASIMIRO AMADOR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. FR 70199-A IN THE 27TH DISTRICT COURT
### FROM BELL COUNTY

*Per curiam*. YEARY and SLAUGHTER, JJ., dissented.

### O P I N I O N

Applicant was convicted of aggravated sexual assault of a child and sentenced to thirty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Amador v. State,* No. 14-18-00684-CR (Tex. App. – Houston[14th], May 11, 2020, no pet.) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because he failed to investigate and interview witnesses. Based on the record, the trial court has determined that, in light of all the new evidence, there is a reasonable probability that the result would have been different, but for counsel's failure to identify and present witnesses to testify that Applicant did not have the opportunity to

commit the offense of conviction or an extraneous offense that was raised in the punishment proceeding. *See Wiggins v. Smith,* 539 U.S. 510, 527 (2003); *Miller v. State,* 548 S.W.3d 497, 499 (Tex. Crim. App. 2018); *Ex parte Overton,* 444 S.W.3d 632, 640 (Tex. Crim. App. 2014).

Relief is granted. *Strickland v. Washington*, 466 U.S. 668 (1984). The judgment in cause number 70199 in the 27th District Court of Bell County is set aside, and Applicant is remanded to the custody of the Sheriff of Bell County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: September 25, 2024
Do not publish